FRANCISCO RUIZ ORTIZ, demandante y recurrente, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, demandado y recurrido.

*Número:* R-65-159      *Resuelto:* 26 de junio de 1969

*Carlos J. Irizarry Yunqué,* abogado del recurrente; *J. F. Rodríguez Rivera, Procurador General Interino, y Juan José Ríos*

*Martínez, Procurador General Auxiliar,* abogados del recurrido.

Sala Segunda integrada por el Juez Asociado Señor Hernández Matos como Presidente de Sala y los Jueces Asociados Señores Santana Becerra, Dávila y Torres Rigual.

SENTENCIA

La Sala de San Juan del Tribunal Superior declaró sin lugar la demanda de daños objeto de este recurso, con las siguientes:

*"DETERMINACIONES DE HECHO*

Que el día 25 de julio de 1961, el demandante en compañía de varios amigos se dirigió al Balneario de Isla Verde en San Juan, Puerto Rico, con el propósito de visitarlo.

Que conjuntamente con sus amigos empezaron a caminar por la orilla del mar hasta pasar el Club Náutico de Boca de Cangrejos, y llegar a una área donde existe un pequeño bosque y un montículo de tierra que tiene un túnel.

Que se adentraron en el mencionado túnel y de súbito el demandante, Francisco Ruiz Ortiz, quien iba segundo en fila, cayó en un registro (man-hole) que se encontraba al centro del mismo como a 20 pies de la entrada. El túnel en la otra entrada tenía otro registro (man-hole) pero estaba tapado.

El registro (man-hole) donde cayó el demandante era de cinco pies de hondo y tres de ancho, con boca circular. Sus amigos tuvieron que sacarlo, y como consecuencia de la caída sufrió la fractura del Bi-malleolar lateral izquierdo, dislocación del tobillo, así como contusiones y abrasiones en el codo derecho.

Que inmediatamente fue trasladado al Hospital Municipal de Santurce, Puerto Rico y de allí al Professional Hospital, donde recibió tratamiento médico y se le inmovilizó la pierna izquierda enyesándosela.

Estuvo cinco semanas con el yeso, acostado casi todo el tiempo y al regresar al Hospital en el mes de agosto, se le quitaron para volver a enyesarlo hasta el 2 de octubre de 1961, en que lo removieron para siempre.

Fue admitido al Professional Hospital, el 25 de julio de 1961, a las cinco de la tarde y dado de alta el 31 de julio de

1961. Admitido nuevamente el 25 de agosto del mismo año y dado de alta el 28 de agosto de 1961, y el 2 de octubre fue admitido por última vez hasta el 3 de octubre. Estuvo usando muletas y bastón como un mes, y como cuatro meses sin poder trabajar. También recibió tratamiento de fisioterapia hasta el mes de enero de 1962. Durante todo el tiempo alrededor de la caída, el dolor que sentía era intenso y padeció además de angustias mentales.

Ganaba como Ingeniero Mecánico en la Puerto Rico Telephone Co. $400.00 mensuales y estuvo sin poder trabajar cuatro meses, habiéndose afectado sus ingresos por razón de haber tenido que faltar al mismo.

El primero en adentrarse en el túnel fue José Luis Irizarry Rodríguez, quien se detuvo al impacto de la obscuridad y la claridad, captando al fijarse, la apertura en el piso de forma circular de treinta pulgadas de diámetro.

En dicho terrenos no habían letreros o rótulos que prohibiesen la entrada a dicho túnel. Posteriormente se colocaron portones de hierro a la entrada y a la salida, para evitar que las personas entren al mismo.

Que los terrenos baldíos, a que se contrae la demanda, son del dominio privado del Estado Libre Asociado de Puerto Rico y no están asignados a parque o a área de recreación de clase alguna. Quedan como a un kilómetro de distancia del Balneario de Boca de Cangrejos y el montículo donde existe el túnel es un antiguo desplazamiento de cañones de artillería área hecho por el Ejército de los Estados Unidos durante la segunda guerra mundial, cuando los terrenos eran propiedad federal."

Como cuestión de derecho resolvió la Sala sentenciadora que siendo estos terrenos patrimoniales del Estado Libre Asociado no asignados a parque o área de recreación, y no habiendo evidencia demostrativa de que el Estado hubiese "invitado" al demandante a entrar en sus terrenos, y que éste entró allí sin permiso del Estado, el demandante era un transgresor.

En apoyo de su conclusión transcribió la Sala en su fallo la decisión "Per Curiam" de este Tribunal en *Guillermo Garratón* v. *Autoridad de Acueductos*, Sentencia de 26 de

nov. de 1951, no publicada. Aplicando esa decisión determinó la Sala en este caso que para el Estado pudiera hallarse incurso en negligencia debió haberse probado que tenía conocimiento del riesgo y que debió de actuar dentro de un tiempo razonable para conjurar el mal, y que "el demandante, a través de su prueba demostró que tan pronto el Estado Libre Asociado tuvo conocimiento de este accidente puso unos portones de hierro a la entrada y a la salida para evitar que otras personas entraran al túnel, demostrando así ser diligente en su actuación".

▉ Hemos leído la transcripción de la evidencia y tanto la de la parte demandante como la de la parte demandada establecieron en forma indubitada que se trata de un área pública de esparcimiento adyacente a y parte integrante de las playas y bosques del Estado en el sector de Boca de Cangrejos, a la cual el público tenía y tiene franco acceso y se utiliza como área de recreación. No hay allí cercas ni señal alguna que implique que es un área vedada. El hecho de que el sitio no estuviera adscrito, para fines de administración, al gobierno de una determinada agencia como Parques y Recreo Públicos, no altera la situación en lo que respecta a considerar al demandante como un intruso o transgresor que necesitara permiso previo del Estado Libre Asociado para penetrar en aquel sitio, ni cambia la responsabilidad de inspección y vigilancia prudente del Estado hacia el público que usaba y concurría a dicho sector. El llamado túnel era un pasaje construido de hormigón por debajo de un montículo, con entrada y salida a la vista y por donde, al momento de ocurrir el accidente, transitaba un gran número de personas de un lado a otro.

La evidencia, según el récord, tampoco justifica la aplicación en este caso de los criterios vertidos por este Tribunal en el de *Guillermo Garratón* v. *Autoridad de Acueductos*, arriba citado. Por el contrario, la prueba del Estado, que

consistió en la declaración de un ingeniero funcionario del Departamento de Obras Públicas a cargo de la conservación y mantenencia de sitios públicos y sitios donde tiene acceso el público, demostró más bien que, como norma del Departamento y dado la escasa asignación para esos fines, éste era un lugar no atendido debidamente en ese sentido. Aun así, el problema era uno más bien de alguna vigilancia y razonable inspección del sitio para corregir situaciones peligrosas; o poner los consiguientes avisos de peligro o no permitir del todo el acceso al público.

El hecho que apunta la Sala sentenciadora de que tan pronto ocurrió este accidente el Estado puso portones en el sitio para proteger al público, hecho que la Sala enfatiza como demostrativo de un acto de diligencia, acentúa más bien la negligencia o dejadez anterior.

■ Consideradas la prueba testifical así como las fotografías en el récord, estamos convencidos que el demandante incurrió en cierta imprudencia concurrente al no haber caminado con mayor precaución al entrar al sitio desconocido para él, aun cuando otras personas pasaran por allí. El demandante declaró que padecía de alguna miopía. A la luz de todas las circunstancias en los autos, concluimos que hubo negligencia concurrente de ambas partes y se calcula la del Estado en un 75%. A base de la prueba médica el demandante es acreedor a una compensación de $6,000 por sus lesiones y sufrimientos físicos de una compensación de $1,600 por lucro cesante, reducido el monto de $7,600 a $5,700 por razón de su propia culpa.

Se revoca la sentencia dictada por la Sala de San Juan del Tribunal Superior en 8 de julio de 1965 y se dicta otra declarando con lugar la demanda y en su consecuencia se condena al Estado Libre Asociado a satisfacer al demandante Francisco Ruiz Ortiz la cantidad de $5,700 con las costas.

Así lo pronunció y manda el Tribunal y firma el Señor Juez Presidente.

(Fdo.) Luis Negrón Fernández
*Juez Presidente*

Certifico:

(Fdo.) Joaquín Berríos
*Secretario*